■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERMAN J. ROGERS, Appellant.—The Grand Jury of Albany County in January, 1955, indicted Herman J. Rogers and John J. Cassaro for robbery in the first degree and burglary in the first degree. Thereafter and on March 21, the defendant Cassaro entered a plea of guilty to robbery in the first degree and not guilty to the burglary count. At the same time the defendant Rogers elected to stand trial and on November 25, the jury returned a verdict of guilty to robbery in the second degree and burglary in the third degree, the defendant Cassaro having testified at the trial for and on behalf of the People. Thereafter Rogers was sentenced to State Prison for not less than 6 nor more than 15 years on the robbery count and not less than 5 nor more than 10 years on the burglary count, the sentences to run concurrently. While there is nothing in the record, the District Attorney in his brief has conceded that the defendant Cassaro was thereafter sentenced for a term of 2 to 5 years in State Prison for robbery in the second degree, although the record states he pled guilty to robbery in the first degree. Insofar as the disposition of the second count in the indictment to which he pled not guilty, the record is silent. From a review of the record of the trial of Rogers, there was ample evidence to sustain the jury finding of guilty, even if the coperpetrator of the crime had not testified. The only issue: Was the sentence of Rogers excessive? From the facts it appears that Cassaro was the man with knowledge and who suggested the commission of the crime. The defendant Rogers was the actual perpetrator, assaulting the victim as well as taking his money. The defendant was indicted for robbery in the first degree, found guilty of robbery in the second degree, the penalty being for a term not exceeding 15 years. The defendant was indicted for burglary in the first degree, found guilty of burglary in the third degree, the penalty being for a term not exceeding 10 years. It can therefore be said that even in the face of the evidence, the defendant profited as a result of the trial. Under the terms of the sentences, which ran concurrently, the minimum was 6 years. It might well be argued that the sentence was lenient. We are not concerned with the comparison of the sentences between the two defendants. To accept the contention of the defendant is untenable. Judgment of conviction unanimously affirmed. Mr. Harry W. Albright, Jr., was assigned by this court to represent the interests of defendant on this appeal and we take this opportunity to express to him our thanks for protecting the interests of the defendant. Present — Foster, P. J. Coon, Gibson, Herlihy and Reynolds, JJ.